IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,275-01






EX PARTE HENRY MORALES VALENCIA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 929327 IN THE 230TH DISTRICT COURT


FROM HARRIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with
intent to deliver cocaine and sentenced to eighteen years' imprisonment. The Tenth Court of
Appeals affirmed his conviction. Valencia v. State, No. 10-03-00149-CR (Waco-delivered August
11, 2004). 

 Applicant contends that his trial counsel rendered ineffective assistance by failing to obtain
a ruling on a motion to suppress his statements to police.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
made findings in this case. However, additional findings are necessary to respond to Applicant's
claims. The trial court shall provide Applicant's trial counsel with the opportunity to respond to
Applicant's claim of ineffective assistance of counsel. The affidavit from trial counsel shall address
whether or not he urged a ruling on the pre-trial motion to suppress Applicant's statements to police,
and if so, what the court's ruling was. The affidavit shall also state why counsel failed to object to
the rebuttal testimony of police officers Genni Ruzzi and Dwayne Hartman regarding Applicant's
unrecorded oral statements made to them after Applicant's arrest. The trial court may use any means
set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely
on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall make findings on whether a ruling was obtained on Applicant's pre-trial motion to
suppress, and if a ruling was obtained, what that ruling was. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: December 20, 2006

Do not publish